(90 Misc. Rep. 678)

## E. I. DU PONT DE NEMOURS POWDER CO. v. SCHWENGER.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

1. TRIAL ☞252—INSTRUCTIONS—SUBMISSION OF ISSUE.

The instructions should not submit an issue not raised by the proof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. ☞252.]

2. FRAUD ☞27—MISREPRESENTATIONS.

Where a merchant, who was not a subscriber to a commercial agency, made representations as to his financial standing, which were at that time true, he is not, several months thereafter, his ·standing having changed, bound to correct his rating under the penalty of being charged with false representations in obtaining credit.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 8; Dec. Dig. ☞27.]

3. BANKRUPTCY ☞426—DISCHARGE—OBJECTIONS.

Under Bankr. Act July 1, 1898, c. 541, § 14b (3), 30 Stat. 550, as amended by Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (U. S. Comp. St. 1913, § 9598), providing that a creditor may object to a discharge on the ground that the bankrupt has obtained money or property upon a materially false statement in writing made to the creditor or his representative, a statement to a commercial agency is not a statement to the creditor's representative; hence the overruling of objections to a bankrupt's discharge, made on the ground that he had made materially false representations to a commercial agency, is not a conclusive adjudication, barring an action against the bankrupt after discharge for fraudulent misrepresentations in obtaining credit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 791–807; Dec. Dig. ☞426.]

Appeal from City Court of New York, Trial Term.

Action by the E. I. Du Pont De Nemours Powder Company against Ben Schwenger. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Solomon J. Rosenblum, of New York City (Arthur C. Mandel, of New York City, of counsel), for appellant.

William Wallace Young, of New York City (James A. Hughes, of New York City, of counsel), for respondent.

BIJUR, J. This action was brought on the allegation that defendant had made false representations prior to November, 1911, and thus obtained credit and goods from the plaintiff in that month. The proof adduced by the plaintiff, however, showed that the statement had been made on March 20, 1911, to Dun's Commercial Agency, on which it gave the defendant a certain "rating" in its published July report, and when a new edition was issued in September the rating was not changed. It was also shown that the agency issued four reference books a year, namely, in January, March, July, and September; also that it revised its ratings every six months; that defendant's rating had actually been revised in September (apparently after the September book had been issued); and that, had plaintiff in-

quired, he would have been informed that the rating then was actually lower than the one which had appeared in the book. Defendant was not a subscriber to Dun's Agency, and it is not claimed that he was expressly or impliedly chargeable with knowledge either of the contents of Dun's publications or their exact manner of doing business.

[1, 2] Assuming, though it is by no means clear, that plaintiff offered sufficient proof for submission to the jury of the falseness of the statement made by defendant on March 20th, and of defendant's knowledge thereof, nevertheless the learned judge below erred in charging, over the objection and exception of the defendant, that defendant's statement "was a continuous statement, and bound him [the defendant] as much in November as it did in March." He also charged that, "if defendant knew he was insolvent in November, it was his duty to have notified the Dun Agency and had his standing changed."

As to the latter charge, I have not found, nor am I cited by respondent's counsel to, any part of the record containing direct proof either that defendant was insolvent in November, or, if so, that he knew it. It is to be noted, also, that although the complaint charges that defendant was insolvent at the time the goods were delivered, that statement is coupled up with the allegation of the misrepresentations, which, as pointed out, were made in March. Neither the complaint, nor the charge are directed to the claim that the mere fact of insolvency imposed upon the defendant the duty to disclose that condition when he bought the goods—a duty which is said in Noyes v. Wilson, 7 N. Y. St. Rep. 439, 441, to depend upon the insolvency being "of such character as plainly showed that he would be unable to pay for the goods in question when they became due."

As to the charge that defendant's statement "was a continuous statement, and bound him as much in November as it did in March," it will be observed, in the first place, that it was unqualified, and regardless of whether the statement was in March true or false. Respondent claims that any statement for credit is necessarily a "continuing" one, but in Tindle v. Birkett, 171 N. Y. 520, 64 N. E. 210, 89 Am. St. Rep. 822, which respondent cites as a case in which the credit was extended some 14 months after a false statement to the agency had been made, it appears that the defendant reiterated his statement to the agency less than a month before the credit was extended, and repeated the statement again during the very time that goods were being sold to him. See, also, Macullar v. McKinley, 49 N. Y. Super. Ct. 5, 10, 11, affirmed, but not on this point, 99 N. Y. 353, 2 N. E. 9.

In Re Kyte (D. C.) 174 Fed. 867, the language of the court (page 872) is merely that such a statement "was entitled *for a reasonable time at least* to be taken and relied on." Furthermore, the authority cited for this view, namely, In re Terens (D. C.) 172 Fed. 938, scarcely warrants so broad an assertion. In the Terens Case, Quarles, District Judge, says that "such property statements are frequently intended as a continuing representation for indefinite periods of time," but as neither the statement of facts nor the opinion indicate what

dates were involved, nor the circumstances of the case, the value of the qualified statement made is, to say the least, exceedingly limited.

On the whole, however, whatever view may be entertained regarding the continuing liability for a reasonable time of a person who has made a statement false at the time it was made, I have been cited to no authority which places upon one who has made a truthful statement the affirmative duty of correcting it when his circumstances have changed. The exigencies of business and the opportunity of the intending creditor to obtain an immediate statement at any time would seem to negative the correctness of any such rule. The only case which I have been able to find in which such a duty was said to exist places it upon the peculiar circumstances of the case, entirely different from those of the case at bar. Loewer v. Harris, 57 Fed. 368, 6 C. C. A. 394.

The characterization of statements for credit as "continuing" is in itself rather misleading. What seems to be meant in the cases which employ that phrase is that, if a statement for credit be false when made, the creditor may, with reason, claim that he relied upon that statement while giving credit for a reasonable time thereafter. In other words, his claim that he relied for some time thereafter upon the statement as true *at the time it was made* may reasonably be believed, even though he would know that in the natural course of business conditions could and would change in the meantime. Nowhere is it intimated that he has the right to assume, at any time thereafter, that the conditions set forth in the statement are represented by the person making them to continue unchanged thereafter. Indeed, as I have said, common sense would necessarily indicate that such an assumption was unfounded.

[3] Appellant also urges that the complaint should have been dismissed on the ground that the claim therein set forth is barred by a prior adjudication. This is based on the fact that, in the proceedings whereunder defendant was adjudicated a bankrupt in March, 1912, plaintiff's claim was duly scheduled, and plaintiff's attorneys appeared and filed specifications substantially identical with the allegations of the complaint in opposition to defendant's discharge. The plaintiff, however, failed to appear in support of its objection, and the defendant was duly discharged. Defendant claims that as, under section 14b of the Bankrupt Act, as amended in 1910, these specifications, if sustained, would have been good ground for the denial of defendant's discharge, they have practically been adjudicated adversely to plaintiff. Among the grounds for objection specified in section 14b are:

"(3) Obtaining money or property on credit upon a materially false statement in writing made by him [the bankrupt] to any person or *his representative*," etc.

It has been held, in Re Kretz (D. C.) 212 Fed. 784 (see, also, Remington on Bankruptcy, § 2565, and page 2391), that:

"A statement, under the circumstances disclosed in the case at bar, to a commercial agency, is not one to a creditor's representative."

Consequently the issues tendered by plaintiff in the present action could not have been adjudicated in the bankruptcy proceeding, because, even if plaintiff had proved them, they would not be cognizable in the proceedings as a valid objection to defendant's discharge. Defendant's claim, therefore, of res judicata in this connection, is not good. Talcott v. Friend, 179 Fed. 676, 103 C. C. A. 80, 43 L. R. A. (N. S.) 649.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.